GENOVA & MALIN  DATE: FEBRUARY 8, 2011
Attorneys for the Debtors  TIME: 9:15 A.M.
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IN RE:
                                                    **CHAPTER 13**
JONATHAN W. FLAGLER and                   **CASE NO. 10-37098(CGM)**
TARA M. SWEET-FLAGLER,
                             Debtors.
----------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR DEBTORS UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS UNITED STATES BANKRUPTCY JUDGE:**

       The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, respectfully represents:

### GENERAL BACKGROUND

1. On July 9, 2010, JONATHAN W. FLAGLER and TARA M. SWEET-FLAGLER, the debtors, filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

2. Your applicant, on behalf of the debtors, has been responsible for guiding the debtors' estate through Chapter 13 of the Bankruptcy Code.

3. The debtors own their residence located at 5 Benedict Road, Cold Spring, New York (the "residence").

4. At the time of the filing, the residence was encumbered by a first mortgage held by CAPITAL ONE BANK, ("CAPITAL").

5. The debtors sought to file the petition in an effort to reorganize their financial situation and address the arrears with regard to the monthly mortgage payment.

## APPLICATION FOR FEES

6. This application is made by GENOVA & MALIN, for an allowance of additional compensation for professional services rendered to and on behalf of the debtors in seeking to loss mitigate the debtors' first mortgage from July 1, 2010 to January 31, 2011.

7. Your applicant has acted as legal counsel to the debtors and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN's business, concurrently with the rendition of such services and the incurring of such costs and expenses. A summary of these records is annexed hereto and made a part hereof as Exhibit "A". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtor are set forth in the following summary.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

### Investigation into the Financial Condition of the Debtors

8. From the outset of this proceeding, your applicant has been intimately involved in an effort to protect the interest of the debtors and their estate and bring about a reasonable recovery for creditors. In the initial phases of this case, your applicant commenced an investigation into the financial condition of the debtors and was called upon to advise the

debtors as to the requirements of the Bankruptcy Code and the administration of a Chapter 13 case.

## LOSS MITIGATION

9. On August 11, 2010, the debtors filed a request for loss mitigation on their first mortgage.

10. On September 8, 2010, this Court entered a Loss Mitigation Order. The Order required the parties to exchange financial documentation and conduct several conferences in an effort to obtain a loan modification.

11. In pursuing the loss mitigation, this firm was required to have several conferences with the debtors, the first mortgagee's counsel, review voluminous documents and submit completed financials for the debtors. Due to the efforts of this firm, the process resulted in an offer from the mortgagee of a loan modification, which has been accepted by the debtors.

## MOTION OBJECTING TO CLAIM

12. Based upon the claims as filed, and the loan modification accepted by the debtors, it became necessary for this firm to file a Motion Objecting to the claim filed by CAPITAL.

13. In doing so, this firm was successful in obtaining a substantially beneficial resolution in favor of the debtors.

14. Your applicant has expended 16.3 hours of partner time, 1.4 hours of associate time and 10.6 hours of paralegal time from July 1, 2010 through January 31, 2011, in the rendition of its services to the debtors. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant

brought to this matter. The following is a brief description of the experience and background of your applicant:

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of twenty-four (24) years. He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994. He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of eighteen (18) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

15. Much has been written on the subject of the unusual conditions under

4

which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

16. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

17. Your applicant's standard time charge for the period from July 1, 2010 to December 31, 2010 was THREE HUNDRED DOLLARS ($300.00) per hour for partner time; TWO HUNDRED DOLLARS per hour for associate time and ONE HUNDRED DOLLARS ($100.00) per hour for paralegal time. From January 1, 2011 to January 31, 2011 it was THREE HUNDRED FIFTY DOLLARS ($350.00) per hour for partner time and ONE HUNDRED DOLLARS ($100.00) per hour for paralegal time.

18. Utilizing these standard time charges 1.0 hours of partner time at $350.00 per hour ($350.00); 15.3 hours at $300.00 per hour ($4,590.00); 1.4 hours of associate time at $200.00 per hour ($280.00); 10.6 hours of paralegal time at $100.00 ($1,060.00) all totaling the sum of $6,280.00. The sum of $1,622.72 was previously paid by the mortgagee via award of this

5

Court.

19. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid. Such expenses have aggregated the sum of $145.11.

20. No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made therefor to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of $6,280.00 less the sum of $1,622.72 previously paid and costs and expenses in the sum of $145.11, for such other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
      January 14, 2011

                                  GENOVA & MALIN
                                  Attorneys for Debtors

By: /s/ Andrea B. Malin
     ANDREA B. MALIN (AM4424)
     1136 Route 9
     Wappingers Falls NY 12590
     (845) 298-1600